HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SHERRI BLACK,

　　　　Plaintiff,

　　v.

UNITED STATES OF AMERICA, et al,

　　　　Defendant.

CASE NO. C13-5415RBL

ORDER

THIS MATTER is before the Court on Defendants United States', Department of Interior (DOI)'s, and Bureau of Indian Affairs (BIA)'s Motion to Dismiss [Dkt. #17]. The Court has reviewed the material filed for and in opposition to the motion. Oral argument is not necessary to resolve the issues central to the motion. For the following reasons, the motion is **GRANTED**.

The Court lacks jurisdiction over the DOI and the BIA because a federal agency cannot be sued in its own name without authorization by Congress. 28 U.S.C. § 2679(c); *see also Gerritsen v. Consulado General de Mexico*, 989 F.2d 340, 343 (9th Cir. 1993). Congress has not authorized suits against the DOI or the BIA. *Gerritsen*, 989 F.2d at 343 n. 3. Plaintiff's claims against the DOI and the BIA are **DISMISSED** for lack of subject matter jurisdiction.

ORDER - 1

The remaining issue is Sovereign Immunity.  Plaintiff alleges that on December 8, 2011, police officers from the Port Gamble S'Klallam and Suquamish Indian Tribes, along with deputies from the Kitsap County Sheriff's Office, went to the home of Thomas Black to serve a misdemeanor arrest warrant on Stacy Callihoo, who they believed was located there.  Plaintiff Sherri Black is Thomas Black's sister.  She lived with him at the time of the incident.  She alleges that she opened the door to police officers and they ordered her out of her home and entered the residence.  Plaintiff alleges that the officers pushed her to the ground, causing her physical injury, and that Detective Graves shot and killed Mr. Black.  Plaintiff alleges that after the shooting the officers exited the home and left Mr. Black "to bleed to death, not rendering any emergency assistance to him."  Plaintiff alleges that several hours later officers captured and arrested Callihoo who was located inside the house.

## I. STANDARD OF REVIEW

A complaint must be dismissed under Federal Rule of Civil Procedure 12(b)(1) if, considering the factual allegations in the light most favorable to the plaintiff, the action:  (1) does not arise under the Constitution, laws, or treaties of the United States, or does not fall within one of the other enumerated categories of Article III, Section 2 of the Constitution; (2) is not a case or controversy within the meaning of the Constitution; or (3) is not one described by any jurisdictional statute.  *Baker v. Carr*, 369 U.S. 186, 198 (1962); *D.G. Rung Indus., Inc. v. Tinnerman,* 626 F.Supp. 1062, 1063 (W.D. Wash. 1986); *see* 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1346 (United States as defendant).  When considering a motion to dismiss pursuant to Rule 12(b)(1), the court is not restricted to the face of the pleadings, but may review any evidence to resolve factual disputes concerning the existence of jurisdiction.  *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988).  The burden is on the plaintiff, as

the party asserting jurisdiction, to prove that federal jurisdiction is proper. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936).

## II. ARGUMENT

Tribal law enforcement officers are considered employees of the BIA for Federal Tort Claims Act (FTCA) purposes when tribal law enforcement functions are funded and performed pursuant to an Indian Self-Determination Education Assistance Act (ISDEAA) contract (also known as a "638 contract").

Here, the Port Gamble S'Klallam tribe entered into a Compact of Self-Governance with the United States under Public Law No. 100-472 and pursuant to Title III of the ISDEAA. Under this Compact, the United States funded the tribe's department of public safety, which includes the tribe's police department. The Compact was in existence on December 8, 2011— the date of the incident. Accordingly, Detective Graves (a detective in the Port Gamble tribe's police department), is deemed to be an employee of the BIA and all common law tort claims alleged to have been based on his conduct must be brought against the United States pursuant to the FTCA. The common law tort claims in this case pertaining to Detective Graves' conduct are all based on the alleged use of excessive force during the December 8, 2011 shooting.

Although Pub.L. 101-512 extends FTCA liability for tribal employees acting pursuant to 638 contracts, that extension includes all of the exceptions to liability described in the FTCA. Of particular relevance here, in Section 2680(h) of the FTCA, Congress carved out an exception to the government's waiver of sovereign immunity. Section 2680(h) provides that the Act shall not apply to "[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights." 28 U.S.C. § 2680(h). Each exception to the FTCA must be strictly construed in

favor of the United States. *Saraw Partnership v. United States,* 67 F.3d 567, 569 (5th Cir. 1995); *Sheehan v. United States*, 896 F.2d 1168, 1170 (1990) ("[there] is no justification for this Court [or any court] to read exemptions into the [Federal Tort Claims] Act beyond those provided by Congress.")

There is also an "exception to the exception." *Tekle v. United States*, 511 F.3d 839, 51 n. 9 (9th Cir. 2007). The FTCA does not bar a claim against the United States for intentional torts such as assault and battery where the perpetrator is *a federal investigative or law enforcement officer*. Thus, under the intentional torts exception to the FTCA, the general waiver of sovereign immunity effected by the Act only extends to suits for intentional torts such as "assault [and] battery, false imprisonment, false arrest, malicious prosecution, [and] abuse of process" if the conduct of "investigative or law enforcement officers of the United States Government" is involved. 28 U.S.C. § 2680(h). If an intentional tort is committed by one who is *not* an investigative or law enforcement officer, then sovereign immunity is not waived.

An "investigative or law enforcement officer" is defined as "any officer of the United States who is empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law." 28 U.S.C. § 2680(h). A tribal police officer is not a "federal law enforcement officer" for purposes of the FTCA unless the officer was commissioned by the Secretary of the Interior with a Special Law Enforcement Commission ("SLEC") under the Indian Law Enforcement Reform Act, 25 U.S.C. § 2804, and was enforcing federal law at the time.

Plaintiff concedes that any intentional tort claims arising out of Detective Greg Graves' conduct are barred by the intentional tort exception to the FTCA because, without an SLEC,

Detective Graves does not qualify as a "federal law enforcement officer" under 28 U.S.C. § 2680(h).

Plaintiff argues that Detective Graves should be the only officer excused under the intentional tort exception because "it is not yet determined whether there were other tribal police officials involved who may hold an SLEC and who's [sic] actions may be deemed as intentional under this cause of action." But none of the officers involved in this incident had an SLEC.

The evidence supplied to the Court confirms that on December 8, 2011, no member of the Port Gamble Tribal Police Department and no member of the Suquamish Tribal Police Department had an SLEC. Thus, any and all claims arising out of assault, battery, false imprisonment, or false arrest, based on the conduct of any tribal officer involved in the December 8, 2011 incident, should be dismissed against the United States because none of the officers involved in the incident has received this Commission. As such, none of them qualify as "federal law enforcement officers" under the FTCA and the intentional tort exception bars any claims.

It is undisputed that at the time of the alleged assault the tribal officers involved were enforcing tribal law, serving a tribal arrest warrant, which was issued from a tribal court, on a tribal member, and that the subject of the warrant was ultimately arrested and charged with a variety of tribal offenses.

The overwhelming weight of evidence presented establishes that the tribal police officers involved in this incident were tribal police officers. First, they were attempting to enforce tribal law when their encounter with Mr. Black took place. Second, neither the ISDEA nor a 638 contract automatically transforms a tribal police officer into a federal law enforcement officer under the FTCA. And third, none of the officers involved in this incident had an SLEC at the

time.  Therefore, none of the tribal officers involved qualify as "federal law enforcement officers" for purposes of the FTCA and as such, the United States is not liable for "[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights" based on the conduct of any tribal officer involved in the December 8, 2011 incident.

Plaintiff contends that her claims for negligence are not barred by sovereign immunity. The United States agrees that tribal officers who are acting pursuant to a 638 contract may, under certain circumstances, subject the United States to liability under the FTCA for state law negligence claims.  The only negligence claim plaintiff has asserted is the failure to render medical aid.  But this claim necessarily arises out of the alleged intentional tort of assault and battery.  Without the alleged assault and battery, there would be no claim for failure to render medical aid.  Accordingly, this claim is also barred by Section 2680(h).

The FTCA specifies that the Act's general waiver of sovereign immunity shall not apply to "[a]ny claim <u>arising out of</u> assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights…." 28 U.S.C. § 2680(h) (emphasis added).  Several courts have emphasized the significance of the language used.  Congress could have chosen to bar only assault claims, but instead barred all claims *arising out of* assault.  *See*, e.g., *Collins v. United States*, 259 F.Supp. 363, 364 (E.D. Pa. 1966).

In determining whether a claim "arises out of" one of the enumerated torts, courts look beyond a plaintiff's classification of the cause of action to examine whether the conduct upon which the claim is based constitutes one of the torts listed in Section 2680(h).  *See  Sabow v. United States*, 93 F.3d 1445, 1456 (9th Cir. 1996) (*citing Mt. Homes, Inc. v. United States*, 912

F.2d 352, 356 (9th Cir. 1990) ("[W]e look beyond [the complaint's] characterization [of the cause of action] to the conduct on which the claim is based."); *Thomas-Lazear v. Federal Bureau of Investigation*, 851 F.2d 1202, 1207 (9th Cir. 1988) ("This circuit looks beyond the labels used to determine whether a proposed claim is barred [by the intentional torts exception]")). The Section 2680(h) inquiry is focused on whether conduct that constitutes an enumerated tort is "essential" to a plaintiff's claim. *Id*. If the gravamen of a plaintiff's complaint is a claim for a tort excluded under Section 2680(h)'s intentional tort-exception, then the claim is barred. *See Snow-Erlin v. United States*, 470 F.3d 804, 808 (9th Cir. 2006). The failure to deliver medical treatment claim flows directly from the shooting and is thus characterized as an intentional act in tandem with the shooting.

Therefore, the Motion to Dismiss the DOI, the BIA and the United States [Dkt. #17] is **GRANTED.**

**IT IS SO ORDERED.**

Dated this 17th day of September, 2013.

                                     *Ronald B. Leighton*
                                     RONALD B. LEIGHTON
                                     UNITED STATES DISTRICT JUDGE