HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SHERRI BLACK,

                  Plaintiff,

     v.

KITSAP COUNTY, KITSAP COUNTY
SHERIFF'S OFFICE, et al.,

               Defendants.

CASE NO. 3:13-cv-05415-RBL

ORDER ON KITSAP COUNTY
SHERIFF'S OFFICE AND KITSAP
COUNTY'S MOTION TO DISMISS

THIS MATTER is before the Court on Defendants Kitsap County and Kitsap County Sheriff's Office's Motion to Dismiss. Plaintiff Sherri Black brings an action under 42 U.S.C. § 1983 against the Defendants[1] for alleged civil rights violations in connection with the execution of an arrest warrant that led to Sherri Black's brief detention and the death of her brother, Thomas Black. Defendants Kitsap County and Kitsap County Sheriff's office move to dismiss the claims against them, arguing (1) that the Sheriff's Office is not a "person" under § 1983 and is therefore not subject to suit, and (2) that Black's § 1983 claims fail because she has not

---

[1] Several defendants are immune and have been dismissed.  The remaining defendants are the Suquamish Indian Tribe, Suquamish Tribal Police, Port Gamble S'Klallam Indian Tribe, Port Gamble S'Klallam Tribal Police, Greg Graves, Kitsap County, Kitsap County Sheriff's Office, and 25 unnamed Bureau of Indian Affairs agents.

plausibly alleged that any County employees violated her or Thomas Black's constitutional rights, or that a County policy or decision-maker caused any violation.

Kitsap County also asks the Court to convert its Motion to Dismiss into a Motion for Summary Judgment under Rule 12(d) because Black's Opposition included materials outside the pleadings (deposition transcripts).

Because the Sheriff's Office is not properly a defendant in a § 1983 suit, the Motion is GRANTED and all claims against the Sheriff's Office are DISMISSED with prejudice. Kitsap County's Motion to Dismiss the claims against it is CONVERTED to a Motion for Summary Judgment. Black should file any additional response to the converted Motion by April 29.

## I.   BACKGROUND

Tribal police executed an arrest warrant for Stacy Callihoo at the Blacks' home on December 8, 2011. The home is within the borders of an Indian reservation and Callihoo is a tribal member, but Kitsap County Sheriff's deputies were also present because the Blacks' home was on "fee simple" land not within tribal jurisdiction.

Upon entering the house, Greg Graves, a Port Gamble S'Klallam tribal detective, believed he saw Thomas Black point a gun at the other officers. Graves fired five shots at Thomas Black, hitting him twice. The officers did not locate Callihoo immediately, so they retreated from the home. Sherri Black claims she was handcuffed and dragged by her arms across the yard away from the house. A standoff ensued between the police and Callihoo, during which Thomas Black died. Sherri Black brings a survival action[2] for the death of her brother as well as claims relating

---

[2] See Dkt. #39. Black does not make it easy for the Court to determine exactly who is bringing what claim against whom, but because this is a survival action the Blacks share any cause of action each might have (or would have had). Altogether, Black brings § 1983 claims

to her own treatment during the execution of the warrant. She claims all Defendants are liable for violating her and Thomas Blacks' Fourth, Fifth, Eighth, and Fourteenth Amendment rights, "including, but not limited to," the right to be free from unreasonable search and seizure; the right to not be deprived of liberty without due process; and the right to be free from excessive force by state actors. *See* First Amended Complaint, Dkt. #39 at 8.

Defendants Kitsap County and Kitsap County Sheriff's Office move to dismiss all claims against them, claiming (1) that the Sheriff's Office is not a "person" under § 1983 and is therefore not subject to suit, and (2) that Black's § 1983 claim fails because she does not identify how a County employee violated the Blacks' constitutional rights or identify any County policy or decision-maker that caused the violation. In response, Black submitted a transcript of Graves' deposition. Black argues that the deposition demonstrates that she has properly alleged that Kitsap County employees played a role in the raid. Kitsap County moves to strike the improperly introduced materials, or to convert the Motion to a Summary Judgment Motion.

## II.    DISCUSSION

### A.    Motion to Dismiss the Sheriff's Office

The Sheriff's Office claims that it is not a "person" for purposes of § 1983 and is not amenable to suit. Black responds that the Sheriff's Office's *deputies* are "a divisional member [sic] of Kitsap county and as such are subject to Suit". Dkt. #50 at 4. But she does not explain why the *Sheriff's Office* is a proper defendant in the suit.

Dismissal under Fed. R. Civ. P. 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

---

against all Defendants for general violation of civil rights, excessive force, wrongful death, survival action, and negligence.

As a general rule, law enforcement departments are not subject to suit under § 1983. *See, e.g., United States v. Kama*, 394 F.3d 1236 (9th Cir. 2005); *Hervey v. Estes*, 65 F.3d 784 (9th Cir. 1995); *accord Dan v. Barger*, 951 F.2d 1210 (11th Cir. 1992); *Norris v. Waymire*, 114 F.3d 646 (7th Cir. 1997). In contrast, municipalities and individual police officers are indisputably subject to suit as "persons" under § 1983. *See Monell v. N.Y.C. Dep't of Soc. Servs.,* 436 U.S. 658 (1978).

Kitsap County, already a named Defendant, is amenable to suit. But the Sheriff's Office is not. Because there is no cognizable legal theory to support Black's claim against the Sheriff's Office, the Motion to Dismiss is GRANTED and all claims against the Sheriff's Office are DISMISSED with prejudice.

**B.     Black's § 1983 Claims against Kitsap County**

In her Response to the Motion to Dismiss, Black identified the Kitsap County Sheriff's deputies and their roles in the execution of the warrant. Dkt. #50 at 2. She has also submitted evidence in support of her claims—portions of Detective Graves' deposition—apparently in an effort to support her factual allegations. *See* Dkt. #48. Kitsap County asks the Court to ignore this material, or to grant summary judgment if the Court considers it. *See* Fed. R. Civ. P. 12(d); Dkt. #51.

A Rule 12(b) motion opposed by affidavits is automatically converted to a summary judgment motion. *See* Fed. R. Civ. P. 12(d). Kitsap County is entitled to summary judgment if Black does not present "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). In other words, Kitsap County prevails if Black "fails to offer evidence from which a reasonable [fact finder] could return a [decision] in its favor." *Triton Energy*, 68 F.3d at 1220.

For her § 1983 claim to survive summary judgment, Black must show that Kitsap County employees' acts violated her or Thomas Black's constitutional rights *and* that the acts were carried out pursuant to a County policy or sanctioned by County officials. *See Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). Even viewed in the light most favorable to Black, the Graves Deposition does not meet this burden. The Graves Deposition shows, at most, that Kitsap County deputies were present when the raid was planned and executed. One of the deputies may have crossed the threshold of the home without a warrant, which is a possible Fourth Amendment violation. But a § 1983 claim requires more than just a violation. Without a connection to a County policy or an act by County officials, a constitutional violation alone does not satisfy the requirements of *Monell*. Black should submit a Supplemental Brief (and any additional materials) explaining and demonstrating why the County should not be dismissed on Summary Judgment.

### III.   CONCLUSION

Because the Sheriff's Office is not properly a party in a § 1983 suit, the Motion to Dismiss all claims against the Sheriff's Office is GRANTED and those claims are DISMISSED with prejudice. Because Black introduces new evidence in opposition to Kitsap County's Motion to Dismiss, the Motion to Dismiss is CONVERTED into a Motion for Summary Judgment. Black shall file a supplemental response (and any additional materials) no later than April 29.  The Motion for Summary Judgment is RE-NOTED for May 2.

IT IS SO ORDERED.

Dated this 15th day of April, 2014.

RONALD B. LEIGHTON, U.S. DISTRICT JUDGE